GENERAL MOTORS ACCEPTANCE CORPORATION v IBRAHIM

Docket No. 95289. Submitted January 19, 1988, at Detroit. Decided May 12, 1988.

Samira A. Ibrahim purchased an automobile and executed a finance agreement with General Motors Acceptance Corporation (GMAC), which required Ibrahim to have insurance on the automobile. The finance agreement provided that insurance proceeds for loss or damage to the automobile be applied to its replacement or to payment of the amount owed under the finance agreement. The insurance policy obtained by Ibrahim from Auto Club Insurance Association (ACIA) included a "loss payable" clause, which provided: "Loss and damage, if any, under the policy shall be payable as interest may appear to . . . [lienholder] and this insurance as to the interest of the [lienholder] shall not be invalidated by any act or neglect of the . . . owner of the within described automobile . . . ." The automobile was subsequently destroyed and a claim was submitted to ACIA, which refused to pay, contending that Ibrahim had intentionally destroyed the automobile. GMAC brought an action in Wayne Circuit Court against Ibrahim and ACIA. The trial court, John H. Gillis, Jr., J., granted summary disposition in favor of GMAC. ACIA appealed.

The Court of Appeals *held:*

GMAC and ACIA recently litigated the effect of the same loss payable clause in *Boyd v General Motors Acceptance Corp,* 162 Mich App 446 (1987). In that case, a panel of this Court held that the clause provides no greater coverage than the underlying policy and the underlying policy precludes coverage for intentional destruction of the automobile.

Reversed.

*O'Reilly, Rancilio, Nitz, Andrews & Turnbull, P.C.* (by *Neil J. Lehto*), for General Motors Acceptance Corporation.

*Brandt, Hanlon, Becker, Lanctot, McCutcheon, Martin & Schoolmaster* (by *Dennis M. Killeen*), and *MacArthur, Cheatham, Acker & Smith, P.C.*

(by *James G. Gross*), of Counsel, for Auto Club Insurance Association.

Before: HOLBROOK, JR., P.J., and HOOD and N. J. KAUFMAN,* JJ.

PER CURIAM. Defendant Auto Club Insurance Association (ACIA) appeals as of right from the trial court's grant of summary disposition in favor of plaintiff General Motors Acceptance Corporation (GMAC).

The facts are not in dispute. Samira A. Ibrahim purchased a 1984 Pontiac Trans Am and executed a finance agreement with GMAC, which required Ibrahim to have insurance on the Trans Am. According to the agreement, the insurance proceeds would be applied to replacement of the property or to payment of the amount owed under the finance agreement. The insurance was obtained from ACIA.

The insurance agreement contained a "loss payable" clause, which provided in pertinent part:

> Loss and damage, if any, under the policy shall be payable as interest may appear to . . . [lienholder] and this insurance as to the interest of the Bailment Lessor, Conditional Vendor, Mortgagee or other secured party (herein called the Lienholder) shall not be invalidated by an act or neglect of the Lessee, Mortgagor, Owner of the within described automobile or other Debtor nor by any change in the title or ownership of the property; provided, however, that the conversion, embezzlement or secretion by the Lessee, Mortgagor, Purchaser, or other Debtor in possession of the property insured under a bailment lease, conditional sale, mortgage or other security agreement is not covered under such policy, unless

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

specifically insured against the premium paid therefor; and provided, also, that in case the Lessee, Mortgagor, Owner or other Debtor shall neglect to pay any premium due under such policy the Lienholder shall, on demand, pay the same.

The Trans Am was subsequently destroyed. ACIA alleged the car was intentionally destroyed by Ibrahim and refused to pay the claim made by GMAC. GMAC then filed the instant case against ACIA for proceeds under the loss payable clause. GMAC moved for summary disposition stating that even if Ibrahim did destroy the car intentionally, GMAC was entitled to recover. The trial court agreed, and entered an order of summary disposition in favor of GMAC. This appeal followed.

GMAC and ACIA recently litigated the effect of the same loss payable clause in *Boyd v General Motors Acceptance Corp,* 162 Mich App 446; 413 NW2d 683 (1987). In *Boyd* a panel of this Court held that this loss payable clause provides no greater coverage than the underlying policy and the underlying policy precludes coverage for intentional destruction of the automobile. *Boyd, supra,* p 453.

We agree with the analysis and conclusion which this Court reached in *Boyd,* and reach the same result.

Reversed.